*578 The opinion of the Court was delivered by ,
Wardlaw, Ch.
The question presented for judgment in this case is strictly a legal question, dependent on the construction of a contract; and I suppose the case was referred to this Court because the Chancellors desired the advice and aid of their brethren of the Law bench in deciding a matter of common law.
It is a narrow question, to be settled by the determination of two points; the intention of the parties in stipulating that the principal of an acknowledged debt should be payable at the pleasure of the debtor after a fixed day, the debtor contracting to pay a certain rate of interest for detention of.the debt; and the lawfulness of a stipulation on the part of a local corporation for such postponement for an indefinite time of the payment of its debt.
The first point must be decided on the words of the contract. Abram Blanding agreed with the Corporation of Columbia, June 13, 1835, to sell to the city the water-works he had erected, at great expense, “for $24,000 in town stock, bearing an interest of five per cent, per annum? pa]mble quarter-yearly, i. e. on the tenth of each of the months of January, April, July and October; the first payment of interest to be made in the month of October next. The said stock shall be redeemable at the pleasure of the Corporation after July 10, 1855.”
The scrip issued and accepted in fulfilment of this agreement pursues substantially the terms of the agreement, employing different words: “The principal of which stock is reimbursable at the pleasure of said Corporation, after July 10, 1855.” The difference between redeemable and reimbursable can hardly be appreciated, and both words manifestly relate to the principal of the stock. The recital in the release from A. Blanding to the town, that $24,000 was secured to be paid to him, cannot vary the construction of the actual contract, because such recitals of consideration are always referential. In the form of release prescribed by *579 statute, payment of the purchase money is acknowledged; and in practice, it is not usual in the recital of consideration in releases to proceed, beyond the acknowledgment of receipt of the price, to describe the particulars of the contract concerning the time and manner of payment. What, then, is the meaning of the contracting parties in stipulating that the stock for the price of water-works should be redeemable after twenty years at the pleasure of the Corporation responsible for the price. In the construction of a contract in writing, it is the rule to consider the whole instrument, and to give effect to all the words in it which are not nonsensical, inconsistent, nor superfluous. It is indisputable, that if any effect whatever be given to the words, “at the pleasure of the Corporation,” they must refer to the exercise of the Corporation’s discretion after July 10, 1855; for before that date the Council could not compel the creditor to accept payment, and the stipulation as to the pleasure or discretion of the Corporation was in terms utterly inapplicable.
Are, then, the words, “at the pleasure of the Corporation,” mere surplusage? Certainly not, if we can give them a sensible meaning, bearing on the intention of the parties. They seem to have an important bearing in this respect, and to express the agreement of the parties that the principal of the stock should not be paid after July 10, 1855, before such time as in its pleasure the Corporation should determine. A motive for such agreement on the part of the creditor may be readily conjectured. He may have speculated that the rate of interest would be reduced below five per cent, in this State in 1855, as the event was in relation to the Banks of England and France. But whatever may have been the motive of the creditor, we must give effect to his stipulation, unless it be unlawful; and this brings us to the second point.
The Corporation of Columbia, by its charter and amendments, is perpetual in duration, and possesses the power of *580 contracting such debt as is in controversy by issuing stock. It is conceded that a sovereign power may contract debt, redeemable at its pleasure, as in the present case, such as the consols in England and our own Revolutionary 3 per cents.; but it is urged that a subordinate Corporation lacks the element of perpetuity, which gives value to such stock, and consequently has no power to contract in the form in controversy. The force of this distinction is not apprehended by us. Probably, by general law, and certainly under the Act of 1841, the charter of Columbia is liable to modification by the Legislature of the State; but prima facie the charter is perpetual, and the town may contract, and others may contract with it, on the hypothesis that the charter now perpetual, will never be repealed. In fact, some of the sovereign States in Europe and America have been suppressed, but it was never supposed that their liabilities were cotemporaneously submerged. It is certainly possible that the charter of Columbia may be repealed; but we have no reason to suspect that it will be repealed in such form as will enable it to defraud its creditors. It is suggested, however, apart from this distinction between sovereign and local corporations, that the condition to pay the principal sum at'the pleasure of the debtor is void, because essentially inconsistent with the obligation to pay at some time. Undoubtedly, an inconsistent condition may be void, and the obligation remain single, as any condition in violation of the policy of the State declared by its legislation would be; and a condition against alienation or liability for debt in a conveyance in fee would be void by the common law. So, too, if by fraud or mistake, the instrument of agreement does not express the intention of the parties, as where one after acknowledging a debt, says he will never pay it, the instrument may be reformed. But in the present case, no fraud, mistake, nor inconsistency is perceived. At the utmost, it is an engagement of-the debtor to pay a perpetual annuity, and that is not unlawful. On the *581 construction of the whole instrument, we adjudge that the Corporation of Columbia has a discretion as to time to redeem or reimburse the principal of the debt for the water-works.
It is ordered and decreed that the circuit decree be reversed, and the bill be dismissed.
O’Neall, Wardlaw, Withers, Whitner, Glover and Munro, JJ., and Dunicin, Ch., concurred.

Decree Reversed.